IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| LUIS R. ROLDAN, ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 2:03-CV-371 |
| TURNER BROTHERS TRUCKING, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Luis R. and Bobbie Roldan (hereinafter "Roldans") sued Defendant Turner Brothers Trucking, Inc. (hereinafter "Turner Brothers"[1]) for personal injuries relating to a November 9, 2001, automobile accident between the Roldans and Brian Taylor, an alleged employee of Turner Brothers working in the course and scope of his employment.  Before the Court is Defendant Turner Brothers Trucking, Inc.'s Motion for Summary Judgment (#15).  The Court is of the opinion that the following order should issue.

I.      **Facts**

The Roldans sued Turner Brothers on October 28, 2003, but did not serve Turner Brothers' agent for service, John Wallace.[2]  The Roldans instead served U.S. Corp. Company.  Based upon their service of U.S. Corp. Company, the Roldans took a default judgment against Turner Brothers

---

[1]Turner Brothers alleges that Turner Brothers Trucking, Inc. became inactive in 2002 and was succeeded by Turner Brothers Trucking, L.L.C.

[2]The Roldans previously sued Turner Brothers in Texas state court, but took a non-suit after deposing Brian Taylor and allegedly learning Taylor was not acting in the course and scope of employment and that his employer was Turner Brothers Crane & Rigging, not Turner Brothers Trucking.

on November 23, 2004.  When the Roldans served discovery in aid of judgment in July, 2005,

Turner Brothers learned of the default judgment and moved this Court to vacate the default

judgment.  The Roldans submitted no response to Turner Brothers' Motion to Vacate Default

Judgment.  This Court set aside the default judgment on October 26, 2005.  After Turner Brothers

answered the Roldans' Complaint, Turner Brothers moved the Court for summary judgment based

upon improper service and the running of the two year statue of limitations.  The Roldans again did

not submit any response to Turner Brothers' Motion for Summary Judgment, and the Court ordered

the Roldans to submit a response.  Counsel for the Roldans responded by requesting time to conduct

discovery in order to determine whether a misnomer occurred.[3]  Out of an abundance of caution, the

Court allowed the Roldans to "conduct discovery into the relationship, if any, between Turner

Brothers Crane and Rigging and Defendant Turner Brothers Trucking, Inc. and the effect of any such

relationship on the statue of limitations."  Docket Entry 21.  The Court entered its order granting

limited discovery on January 11, 2006, and gave the Roldans sixty days to complete the discovery.

Over sixty days have passed since the Court's order and the Roldans have not submitted any

supplemental filings to this Court regarding Turner Brothers' Motion for Summary Judgment.

## II.    Discussion

The statue of limitations for personal injury actions in Texas is two years from the day the

cause of action accrues.  Tex. Civ Prac. & Rem. Code § 16.003(a).  The accident at issue occurred

on November 9, 2001, and the Roldans filed suit on October 28, 2003, which was within the two

year period of limitations.  However, the Roldans never properly served Turner Brothers.  "The mere

---

[3]Counsel for the Roldans claimed there was a possibility that Turner Brothers Trucking
and Turner Brothers Crane and Rigging were alter egos and that a misnomer potentially occurred.

filing of a lawsuit within the limitations period is not sufficient; the defendant must also be served

with process.  However, the date of service relates back to the date of filing if the plaintiff exercised

diligence in effecting service." *James v. Gruma Corp.*, 129 S.W.3d 755, 759 (Tex. App.–Fort Worth

2004, pet denied).  Therefore, unless the Roldans can demonstrate that they exercised diligence in

attempting service, the statute of limitations will bar the Roldans' claim.  Under Texas law:

> 'a plaintiff must not only file suit but also use due diligence in procuring service on
> the defendant in order to toll the statute of limitations' and 'lack of due diligence may
> be found as a matter of law if the plaintiff offers no excuse for his failure to procure
> service, or if plaintiff's excuse conclusively negates diligence.'  *Saenz v. Keller
> Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir.1992).  This rule is applied to Texas
> law claims asserted in cases filed in federal courts in Texas.  See *Walker v. Armco
> Steel Corp.*, 446 U.S. 740, 100 S. Ct. 1978, 1986, 64 L. Ed. 2d 659 (1980); . . .
> *Jackson v. Duke*, 259 F.2d 3, 6 (5th Cir.1958).

*Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n. 1 (5th Cir. 1998).

The Roldans have offered no excuse for their failure to serve the correct party.  Therefore,

this Court is inclined to hold that the Roldans failed to exercise due diligence in attempting service

of process on Turner Brothers.  As a consequence, the statue of limitations appears to have expired

on the Roldans' claim.  Absent a properly supported response, filed within seven (7) days from the

date of this order, the Court will GRANT summary judgment and dismiss this case.

SIGNED this 13th day of June, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE